## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:     HOLLY SHELTON         :      CHAPTER 13
          Debtor                   :
                                       :

        JACK N. ZAHAROPOULOS    :
        CHAPTER 13 TRUSTEE      :
          Movant                  :
                                         :

          vs.                        :
                                         :

        HOLLY SHELTON        :
          Respondent             :      CASE NO: 1:26-BK-00991-HWV

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

COMES NOW Jack N. Zaharopoulos, who objects to confirmation of the above-referenced Debtor's plan for the following reason(s):

1. Debtor's Plan violates 11 U.S.C. § 1322(a)(2) in that Debtor has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507 as to claim 1-1.

2. Failure to properly state the liquidation value in Section 1B of the Plan.

3. Debtor's Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following: Residential real estate. Trustee requests proof of the value of the Debtor's home as stated in his/her schedules. Additionally, Trustee requests a listing agreement.

4. Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically, Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following: Debtor should not be allowed to include mortgage payments for real estate where she does not reside at the expense of unsecured creditors, and Plan should be stepped up once real estate is sold and mortgage payments end.

WHEREFORE, the Trustee alleges and avers that the plan cannot be confirmed and, therefore, the Trustee prays that this Honorable Court will:

       a.     Deny confirmation of Debtor's plan.
       b.     Dismiss or convert Debtor's case.
       c.     Provide such other relief as is equitable and just.

Dated: July 29, 2026

Respectfully submitted:

/s/ Jack N. Zaharopoulos
_____

Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA  17036
(717) 566-6097

## CERTIFICATE OF SERVICE

I hereby certify that, on today's date, I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

DAWN MARIE CUTAIA, ESQUIRE
FRESH START LAW, PLLC
1701 WEST MARKET STREET
YORK, PA  17404

Dated: July 29, 2026

/s/ Tanya Scannelli

Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee